James Graf
Fed. Reg. No.: 29779-112
FCC Lompoc Camp
3705 West Farm Road
Lompoc, Ca 93436



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | NO: CR 04-00492-MCS |
|---|---|---|
| Plaintiff, | ) | MOTION FOR OFFSET OF RESTITUTION |
| v. | ) | [PURSUANT TO 18 U.S.C. § 3664(j)(2)] |
| JAMES GRAF, | ) | |
| Defendant. | ) | |

Defendant James Graf, a federal prisoner without counsel, moves this Honorable Court on his Motion For Offset Of Restitution, pursuant to 18 U.S.C. § 3664(j)(2).

This motion is based on the attached memorandum of points and authorities, accompanying exhibits, the files and records in this case and any other such evidence or arguments as may be requested by the Court.

//

//

//

-1-

1  In support of granting Defendant's motion, the following is
2  stated.
3
4                                          Respectfully submitted,
5
6  Dated:
7
8                                          _____
                                           James Graf,
9                                          Defendant.
10 //
11 //
12 //

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 5, 2007, the District Court sentenced Defendant to 300 months imprisonment and three years supervised release. It also imposed a restitution order in the amount of $20,458,419.47.

Since such time, there has been approximately $30 million collected, which exceeds the restitution under the Mandatory Victims Restitution Act. This amount collected now entitles Defendant to have the restitution offset pursuant to 18 U.S.C. § 3664(j)(2).

## II. BACKGROUND AND HISTORY

In December 2001, the United States Secretary of Labor ("Secretary") brought ERISA action in the United States District Court for the District of Nevada in Reno. The civil lawsuit alleged breach of various fiduciary responsibilities and duties involving a Multiple Employer Welfare Arrangement ("MEWA") which allowed small businesses to band together to purchase health insurance by participating in various trade associations. These associations were marketed under a limited liability company referred to as Employers Mutual. These health plans were marketed by insurance agents ("producers") who sold the insurance plans to individuals and employers.

The Secretary's lawsuit named Defendant and several individuals and the insurance producers. The Court, on behalf of the Secretary, appointed Thomas Dillon as the Independent Fiduciary of Employers Mutual plans. See Chao v. Graf, 2002 U.S. Dist. LEXIS 28329 (D. Nev. 2002), No: CV-N-01-00698-DWH (RAM).

Dillon was given court authority to marshal the assets of Employers Mutual, LLC., the 16 Associations, and the health plans. He exercised his authority to pursue all legitimate claims on behalf of Employers Mutual and the other entities and to pursue the recovery of assets against defendants and third parties.

Following the Chao civil lawsuit, a criminal referral was made resulting in a 2004 indictment against Defendant and two other individuals. On February 5, 2007, Defendant was sentenced to 300 months imprisonment, 3 years supervised release, and $20,458,419.47 in restitution. During his incarceration, Defendant has been making restitution payments under the Inmate Financial Responsibility Program ("IFRP").

Since such time, Dillon, in his capacity as Independent Fiduciary, filed various civil lawsuits in the United States District Court for the District of Nevada, Reno. See Dillon v. Graf, et al, CV-03-0119-DAE-VPC.

These actions alleged that several defendant insurance agent/brokers ("producers") had engaged in a nationwide scheme of insurance fraud, selling non-ERISA or unauthorized health insurance. See Dillon v. Westport Insurance Co., 2005 U.S. Dist. LEXIS 60159, No: CV-N-04-0480-DAE-VPC (D.C. Nev. 2005). These various actions resulted in settlements.

These subsequent civil settlements culminate and in various stages throughout the years, Dillon obtained court orders to disburse the recovered proceeds.

Then in 2022, Dillon sought a final order to disburse the remaining proceeds. The court records reveal that Dillon had

-4-

received approximately $30 millon in Employers Mutual proceeds, which was then disbursed to the victims. This collected amount exceeds the restitution order by the court. Defendant now requests the court for an Offset.

## III. ARGUMENT

### A. Restitution

Under the Mandatory Victim Restoration Act ("MVRA") the court "shall [] reduce [] restitution by any amount later recovered as compensatory damages for the same loss by the victims in ... any federal civil proceeding; and ... any state civil proceedings." 18 U.S.C. § 3664(j)(2). See e.g. United States v. Doe, 374 F.3d 851, 856 (9th Cir. 2004). Offset is only proper, as here, where the victim receives the funds. United States v. Bright, 353 F.3d 1114, 1122-23 (9th Cir. 2004). The court may deny offset if proof is ambiguous. United States v. Bush, 252 F.3d 959, 963 (9th Cir. 2001).

This is not the case here. The civil record is clear as to the collected amount being in excess of Defendant's restitution and that the amount has been disbursed to the victims in the amount of $30,048,169.81. See United States v. Catherine, 55 F.3d 1462, 1465 (9th Cir. 1995) (requiring court to offset restitution by value of property "as of the date the victim took control of the property.") (emphasis in original, quotations omitted). See also, United States v. May, 500 F. App'x 458, 464-65 (6th Cir. 2012) (affirming the district court's conclusion that the defendant was entitled to an offset of any amount paid to the victim because of a settlement agreement).

18 U.S.C. § 3664(j)(2)(A) provides: "Any amount paid to a victim under an order of restitution shall be reduced by an amount later recovered ... for the same loss by the victim in ... any federal civil proceeding." A victim is not entitled to double recovery of its losses. See e.g. United States v. Elson, 577 F.3d 713, 734 (6th Cir. 2009); United States v. McDaniel, 398 F.3d 611, 613 (9th Cir. 2002) ("The purpose of § 3664(j)(2) is to prevent double recovery by a victim.") (citation omitted). Since the amount recovered exceeds the total restitution, any amount collected now becomes double recovery.

B.  **Judicial Notice**

Defendant is a federal prisoner and without counsel. The prison does not allow inmates access to PACER. He requests judicial notice of information of the collected and disbursed funds pertaining to the offset of restitution in Chao v. Graf, et al., 3:01-CV-00698-DAE-VPC [Dkt. 403, 416]; Dillon v. Graf, 3:03-CV-00119-DAE-VPC [Dkt. 1647]. See Fed. R. Evid. 201(b).

Under Fed. R. Evid. 201, the court can judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid 201(b). There is no dispute as to the amounts. See GemCap Lending, LLC., v. Quaries & Brady, LLP., 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017) ("judicial notice appropriate where court filings relevant to the action); Khoja, 899 F.3d at 1002 (A defendant may seek to incorporate a document if it refers to the basis of the claim). See Reyn's Pasta Bella, LLC

v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("we may take judicial notice of court filings and other matters of public record."); Grant v. Aurora Load Servs, Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases for the proposition that publicly recorded documents are judicially noticeable).

## IV. CONCLUSION

For all the foregoing reasons and conclusions of law, the Court is urged to offset restitution.

Respectfully submitted,

Dated: 3/11/2024

James Graf,
Defendant.

//
//
//

CERTIFICATE OF SERVICE

I David Williams, am over the age of 18 years and I am not a party to this action. I hereby certify that on this 11th day of March, 2024, that I sent the foregoing via first-class postage, prepaid, or other delivery charges prepaid, by depositing said documents herein-listed with prison authorities at the Mail Room of the Lompoc Federal Correctional Complex Satellite Camp, for mailing through the United States Postal Service, mailing copies of the following:

MOTION FOR OFFSET OF RESTITUTION
[PURSUANT TO 18 U.S.C. § 3664(j)(2)]

to the following individual(s), party,s and or entity(s)"

    UNITED STATES ATTORNEY'S OFFICE
    312 SPRING STREET
    LOS ANGELES, CA 90012

I certify under the penalty of perjury that the foregoing is true and correct.

_/s/ David Williams_
David Williams

JAMES GRAF
FED. REG. NO.: 29779-112
FCC LOMPOC CAMP
3705 WEST FARM ROAD
LOMPOC, CA 93436



RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 13 2024
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CA 90012