UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:04-cr-00492-MCS-1 |
|---|---|
| Plaintiff, | **ORDER RE: MOTION FOR OFFSET OF RESTITUTION (ECF NO. 526)** |
| v. | |
| JAMES GRAF, | |
| Defendant. | |

Defendant James Graf filed a motion to fully offset the $20.5 million he owes in restitution related to his 2007 conviction. (Mot., ECF No. 526.) The Government partially opposes and claims that only $4,128,452.72 should be offset since that is the amount disbursed to Mr. Graf's victims so far. (Opp'n 7, ECF No. 533.) Mr. Graf filed a reply. (Reply, ECF No. 535.) After reviewing the briefing, the Court ordered the Government to submit supplemental briefing on specific issues. (Order Re: Suppl. Br., ECF No. 536.) The Government filed its supplemental brief. (Suppl. Br., ECF No. 539.) Mr. Graf sought leave to respond to the supplemental brief and also requested an order that the Government provide him with a complete set of the filings. (Request to File Reply, ECF No. 546.) The Government responded that it had provided Mr. Graf with the filings. (Response to Request to File Reply, ECF No. 548.) The Court denies Mr.

1

Graf's request to file a response to the Government's supplemental brief.

The Court incorporates the relevant history of this case from its prior Order. (Order Re: Suppl. Br. 1–3.) The Court asked the Government to provide additional detail on nine different issues. (*Id.* at 4.) Namely, in light of Mr. Graf's claims that the independent fiduciary, Thomas Dillon, had collected more in restitution than the amount the Government had represented, the Court sought more information about the collection and disbursement process. The Court is satisfied with the Government's response and concludes that Mr. Graf's restitution should be offset by $4,128,452.72 for the reasons below.

I.  **DISCUSSION**

Mr. Graf argues that full restitution is warranted because the amount collected after his conviction is in excess of his restitution amount. (Mot. 5.) Mr. Graf contends that Mr. Dillon has collected approximately $30 million in proceeds from civil lawsuits against Mr. Graf and that Mr. Graf should not be responsible for Mr. Dillon's inability to disburse these funds. (*Id.* at 4–5.) The Government disputes the claim that Mr. Dillon has collected more than $30 million from the lawsuits, and also asserts that regardless of how much has been collected, only $4,128,452.72 has been disbursed to victims. (Opp'n 4.) The Government contends that his latter sum is the proper amount of any restitution. The Court agrees.

Mr. Graf raises a number of concerning claims in his motion and reply. He claims that Mr. Dillon "either intentionally, by neglect or incompetence" failed to include the total amount recovered and that the Government "did not investigate" Mr. Dillon's claims. (Reply 5.) Effectively, Mr. Graf suggests that Mr. Dillon and the Government have been misleading this Court. Since this Court did not oversee Mr. Graf's trial and sentencing, it was not fully apprised of the facts and did not have access to all the case materials, so the Court ordered the Government to submit supplemental briefing and documentation in order to better assess Mr. Graf's claims. After reviewing the

1  Government's supplemental filings, it is apparent that Mr. Graf's claims are meritless.
2  Namely, the Government provided the Court with Mr. Dillon's own financial
3  records, which essentially match the numbers that the Government stated Mr. Dillon
4  collected. (Suppl. Br. 13–15; Dillon Decl. Ex. 1, ECF No. 539-18.) Additionally, the
5  Government directly addressed Mr. Graf's suggestion that Mr. Dillon did not take into
6  account all recovered assets and pointed to testimony from a related action in Nevada
7  district court, which further reinforces the accuracy of the numbers provided. (Suppl.
8  Br. 16.) Further, the Government identifies inaccuracies in the numbers that Mr. Graf
9  claims Mr. Dillon collected. (*Id.* at 17.) These assertions, along with the supporting
10 evidence and Mr. Dillon's sworn declarations leads the Court to conclude that the
11 figures included in the Government's opposition brief and the figures proffered by Mr.
12 Dillon regarding the amount of recovery are accurate.
13 The Court now turns to Mr. Graf's claim that his restitution should be offset in
14 its entirety. Mr. Graf's only argument is that he should be credited for the total amount
15 collected by Mr. Dillon even if the funds have not been disbursed to his victims. (Mot.
16 5–6; Reply 11.) Mr. Graf alternatively suggests that, at minimum, he is entitled to an
17 offset of approximately $2 million in escheated funds. (Reply 9–10.) Mr. Graf cites no
18 persuasive case law that suggests this Court can or should offset any amount other than
19 what his victims have already received. To the contrary, the Ninth Circuit has clearly
20 articulated "that funds . . . victims have *not* received cannot reduce or offset the amount
21 of losses the defendant is required to repay." *United States v. Bright*, 353 F.3d 1114,
22 1123 (9th Cir. 2004). Therefore, since both court records and Mr. Dillon's records
23 indicate that up until now only $4,128,452.72 has been disbursed to victims, that is the
24 proper amount of any offset. Mr. Dillon suggests that he will make another distribution
25 of approximately $4 million in February 2025. (Dillon Decl. ¶ 10, ECF No. 539-17.) At
26 that point, Mr. Graf and the Government can confer on another offset.
27
28 ///

## II. CONCLUSION

Mr. Graf's motion is granted in part and denied in part. His restitution shall be offset by $4,128,452.72. Mr. Graf's request for any additional offset of restitution at this time is denied.

**IT IS SO ORDERED.**

Dated: December 10, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc: Fiscal Department